12364

THE STATE. v. FERGUSON

(141 S. E., 864)

HOMICIDE—DECEASED'S STATEMENT, AFTER EXPRESSING BELIEF HE WOULD NOT RECOVER ON SATURDAY BEFORE DEATH ON TUESDAY, HELD ADMISSIBLE AS DYING DECLARATION.—In prosecution for murder statement of deceased, after having expressed belief he would not recover on Saturday night before death on following Tuesday, *held* admissible as dying declaration.

Before TOWNSEND, J., Richland, May, 1926.   Affirmed.

John Ferguson was convicted of murder, and he appeals.

*Messrs. A. W. Holman* and *C. T. Graydon,* for appellant, cite: *"Dying declarations":* 1 S. E., 510; 123 S. E., 463; 103 S. C., 316; 108 S. C., 490; 111 S. C., 356; 13 S. C., 459; 137 S. E., 139; 26 S. C., 152; 58 S. C., 335.

*Solicitor A. F. Spigner,* for respondent.

NOTE: On admissibility of declarations made under sense of impending death, see annotation in 56 L. R. A., 391; 1 R. C. L., 538; 4 R. C. L. Supp., 40.

January 26, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The appellant, a colored man, was charged in one indictment with the murder of Harold Matthews, and in another indictment with the murder of Calvin James, also colored; both homicides occurring in the same difficulty. By consent, the two cases were tried together in the Court of General Sessions for Richland County, with his Honor, W. H. Townsend, Circuit Judge, presiding. In each case there was a conviction of murder with recommendation to the mercy of the Court. From both convictions and the resulting sentence to life imprisonment comes this appeal; and the cases are heard here together.

There are but two exceptions, both relating to the same matter, and they may be readily disposed of together. Both exceptions complain of the admission in evidence of an alleged dying declaration of the deceased, Matthews, as testified to by his mother, Sallie Matthews, a witness for the State.

The foundation testimony, upon which the dying declaration was admitted, was as follows:

"Solicitor: Q. Well, just before his death, state whether or not he made a statement as to how he was shot. 'Yes' or 'No'? A. Yes, sir.

"Q. Well, now, before he made that statement what did he say about his condition about getting well? A. He was always telling me he was not going to get well and pray for him to help save his soul.

"Q. Did he say he was going to get well, or did he just give up hope and said he was going to die? A. He just gave up. I got to him Friday morning, and Sunday he told me, he said, 'Mama, your baby'—he always called himself my baby—'Your baby ain't going to get well, and I want you to pray to help him save his soul.'

"Q. He wanted you to pray for his soul—what did he say then about getting shot? A. He didn't say anything then. On Saturday night before he died on Tuesday, he said, 'Mama—'

"Mr. Holman: Now, your Honor, that is not the way to prove a dying declaration.

"The Court: Wait a minute.

"Solicitor: Q. Now, at that time—he died Tuesday morning? A. He died Tuesday afternoon.

"Q. What did he say about getting well then? A. He said he was not going to get well.

"The Court: Q. That was Saturday night? A. That was Saturday night.

"The Solicitor: Q. He said he was going to die at that time? Yes, sir.

"Q. And couldn't get well? A. And couldn't get well.

"Q. He wanted you to pray for his soul? A. No, sir; he said he was ready to leave the world then. He had already prayed and asked forgiveness, and he had to forgive John Ferguson before God would forgive him.

"Q. What did he say then about getting shot?"

The appellant contends that the declaration in question was erroneously received for three reasons: (1) That it was not made at the same time and simultaneously with the statement of the deceased as to his dying condition; (2) that it was not shown that death was imminent at the time of the declarations; and (3) that it was not shown that the declarant was without hope of life at the time of the making of the alleged statement.

It appears from their argument that counsel for the appellant have the impression that the statements of the deceased of his belief of near approaching death were made on Saturday night preceding his death on the following Tuesday, while the statement as to the cause and manner of his death was not made until Tuesday, the day of his death. It is clear to us that the testimony of the witness referred to

her conversation with the deceased on Saturday night, and in that conversation, after having first expressed his belief that he would not recover, that he then made his statement as to the difficulty which resulted in his injuries and death. "Tuesday," as used by both the Solicitor and the witness, only referred to the day of the death of the deceased, not to the day on which the conversation of the deceased and the witness, or any part thereof, was had. The question, "That was Saturday night?" asked by the Court, and the affirmative answer of the witness, in the very words of the question, clear up any doubt as to the day to which the witness referred in her testimony.

We are of the opinion that the alleged dying declaration was clearly admissible under the authorities of this State. See *State v. Johnson,* 26 S. C., 152; 1 S. E., 510. *State v. Burton,* 111 S. C., 526; 98 S. E., 856, and the very recent case of *State v. Davis,* 138 S. C., 532; 137 S. E., 139.

The judgment of this Court is that the appeal be dismissed, and the judgment of the Court of General Sessions of Richland County, be, and the same is hereby, affirmed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.

MR. CHIEF JUSTICE WATTS did not participate.